**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

| | | |
|---|---|---|
| Appeal of Keough | } | |
| | } | |
| | } | Docket No. 244-11-02 Vtec |
| | } | |
| | } | |

### Decision and Order on Appellants= Motion for Summary Judgment

Appellants Edward and Barbara Keough appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Castleton, upholding the Zoning Administrator= s denial of their application to renovate their Lake Bomoseen cottage by adding upstairs rooms and altering the roofline. Appellant-Applicants are represented by Christopher H. Howe, Esq.; Interested Party Jocelyn McLaughlin represents herself with the assistance of her son Michael McLaughlin and her grandson Patrick McLaughlin; and the Town is represented by Theodore A. Parisi, Jr., Esq.

Appellants have moved for summary judgment, arguing that this application should not have been considered under ' 400 of the zoning ordinance[1], pertaining to enlargements of non-conforming uses. Appellants also argue that the proposal should have been ruled on by the Zoning Administrator rather than being referred to the ZBA, because it only involves an enlargement in height within the existing footprint.

Material facts are in dispute, or at least have not been established on summary judgment, as to exactly what was proposed in the application at issue in this appeal, as the application was not provided with the motion for summary judgment. From the description of the project in the July 9, 2002 minutes, which were provided with the appeal, it appears that Appellants propose to add a bathroom on the second floor, as well as adding two other rooms.

Material facts are in dispute, or at least have not been established on summary judgment, as to whether the existing footprint of the building extends into any of the required setbacks. If it does, that is, if the existing building is nonconforming as to setbacks, then a town ordinance may treat an expansion of such a building as an extension of a nonconforming use even though the building is occupied by an allowed type of use such as residential use or seasonal camp use. In re Letourneau, 168 Vt. 539, 545-46 (1998).

In addition, an increase in height within the setback area would be considered an expansion of the existing nonconformity, even if it did not extend beyond the existing footprint. Depending on what the Castleton zoning ordinance requires (which we cannot here determine), it could require a variance or some type of approval for expansion within the setback area. See, e.g., Appeal of Tucker, Docket No. 99-399 (Vt. Supreme Court, March 10, 2000) (three-justice panel)).

A number of other issues have been referred to in the minutes of the ZBA meetings or in the parties= filings, but do not appear to be before the Court in this appeal. If the proposal requires any sort of approval for the addition of a new bathroom under the Town= s septic ordinance, separately from the zoning ordinance, that issue does not appear to be before the Court. If earlier renovations of the kitchen, the garage, or the screened-in porch should have been the subject of other zoning applications, it is up to the Town to determine whether to take any enforcement action or whether the statute of limitations for such enforcement action has expired.

In addition, if the McLaughlins and the Keoughs wish to have a court rule on the existence or effect of any private covenants limiting the height of the houses in that area, they will have to raise those questions in an action in Superior Court. They may wish to consult with an attorney to more fully understand these issues or the rights they may have acquired through their property deeds. This Court in this appeal sits in place of the ZBA to rule on the application before it, which in this case is the Keough= s appeal of the Zoning Administrator= s denial of their application. The ZBA does not have jurisdiction of private property rights such as a covenant regarding height, and therefore neither does this Court.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants= Motion for Summary Judgment is DENIED.

This appeal will be set for trial on the merits at the Rutland District Court, which is handicapped-accessible. Please advise the Court as to any dates that are unavailable for the parties or their witnesses from May 15 through June 26. Also please advise the Court if Ms. McLaughlin is unable to travel to the courthouse, in which case we will have to determine whether we need to arrange to take her testimony by telephone on the day of the hearing.

Done at Barre, Vermont, this 11th day of March, 2003.


_____
Merideth Wright
Environmental Judge

---

## Footnotes

[1]  The zoning ordinance was not supplied to the Court with the motion.